Judge IKUTA,
dissenting.
The Supreme Court held in INS v. Elias-Zacarias, 502 U.S. 478, 481, 112 S.Ct. *717 812, 117 L.Ed.2d 38 (1992) that determinations by the Board of Immigration Appeals (BIA) “must be upheld if ‘supported by reasonable, substantial, and probative evidence on the record considered as a whole.’ ” For the court “[t]o reverse the BIA finding we must find that the evidence not only supports ” petitioner’s conclusion, “but compels it.” Id. at 481 n. 1, 112 S.Ct. 812 (emphasis in original). Indeed, to overturn the BIA’s judgment, the petitioner must show that the evidence is “so compelling that no reasonable factfin-der could fail to find” that relief should have been granted. Id. at 484, 112 S.Ct. 812.
Here, the Immigration Judge (IJ) noted significant discrepancies between Mana-sian’s 1994 and 2000 declarations. Specifically, in her 1994 declaration, Manasian stated that she was abused by criminals and helped by the police, while the 2000 declaration re-characterized these incidents to portray the police as the abusers. Similarly, the 1994 declaration made a single offhand reference to “unspecified incidents of persecution,” see Maj. Op. at 716, while the 2000 declaration described in detail previously unmentioned incidents of abuse on account of her religion. These alleged incidents of governmental discrimination and abuse on account of her religion went to the heart of Manasian’s asylum claim. See Singh v. Ashcroft, 301 F.3d 1109, 1111-12 (9th Cir.2002).
In response to the IJ’s question why these multiple dramatic incidents of abuse were omitted, Manasian explained that she “thought [she] would answer those when” asked at some future date. When asked why she failed to identify the police as her attackers in her initial declaration, Mana-sian’s excuse was that, although she signed the declaration under penalty of perjury, she actually had never reviewed it. The IJ rejected these explanations as unpersuasive, and the BIA determined that the IJ was reasonable in so finding. We are not compelled to overturn this conclusion. See Garrovillas v. INS, 156 F.3d 1010, 1014 (9th Cir.1998) (stating that, where a petitioner blamed the discrepancy between his asylum application and his in-court testimony on his former attorney’s preparation of the application, we may deem the BIA’s adverse credibility determination justified if “the inconsistency [is] accompanied by other indications of dishonesty,” and the BIA addressed the petitioner’s explanation); see also Kin v. Holder, 595 F.3d 1050, 1057 (9th Cir.2010) (“When confronted with the omission at the asylum hearing, Kin stated that he felt inclusion in the asylum applications was not necessary because the demonstration would be discussed at the hearing. This explanation is not persuasive enough to compel the conclusion that the omissions were immaterial.”). Given the IJ’s reasonable rejection of Manasian’s explanation for the discrepancies and omissions in her declarations, the IJ and BIA’s adverse credibility determination was supported by substantial evidence.
The majority brushes aside this substantial evidence. The majority relies on Soto-Olarte v. Holder, 555 F.3d 1089, 1091 (9th Cir.2009), for the principle that we need not consider discrepancies in the record that support the IJ’s adverse credibility determination if the IJ failed to provide reasons for rejecting a petitioner’s explanation of those discrepancies. Aside from the fact that in this case the IJ did account for Manasian’s explanations as being insufficient, this reading of Soto-Alarte cannot be correct. Because we are bound by Elias-Zacarias, we cannot reverse the BIA unless the evidence in the record compels such a conclusion, regardless of whether the IJ failed to give a detailed analysis of the reasons for rejecting the petitioner’s explanation. See 502 U.S. at 481 & n. 1, 112 S.Ct. 812. If we carry the *718 majority’s reading of Soto-Alarte to its logical conclusion, the next step will be to require that the petitioner be given an opportunity to rebut the IJ’s analysis, and the step after will be to require the IJ to sur-rebut the petitioner’s rebuttal. Neither the statute nor the Supreme Court allows us to go this far. We must not read Soto-Olarte as changing the standard of review for BIA decisions, but merely as holding that the evidence in that case compelled a reversal of the BIA’s conclusion, notwithstanding a discrepancy in the record for which the petitioner gave a plausible explanation. See 555 F.3d at 1091.
Because nothing in the record in this case compels reversal, I would uphold the IJ’s decision. I respectfully dissent.